**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 118550

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hyun Kim, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Activate Financial, LLC and NCB Management Services Inc,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Hyun Kim, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Activate Financial, LLC and NCB Management Services Inc (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Hyun Kim is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Activate Financial, LLC, is a California Limited Liability Company with a principal place of business in San diego County, California.

9. On information and belief, Defendant NCB Management Services Inc, is a Pennsylvania with a principal place of business in Bucks County, Pennsylvania.

10. On information and belief, Defendant Activate Financial, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant NCB Management Services Inc regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Activate Financial, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant NCB Management Services Inc is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Activate Financial, LLC's business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant NCB Management Services Inc's business is the collection of such debts.

16. On information and belief, Defendant Activate Financial, LLC uses the mails in its debt collection business.

17. On information and belief, Defendant NCB Management Services Inc uses the mails in its debt collection business.

18. Defendant Activate Financial, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant NCB Management Services Inc is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

20. Defendants allege Plaintiff owes a debt ("the alleged Debt").

21. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26. In their efforts to collect the debt, Defendants contacted Plaintiff by letters ("the Letters") dated August 1, 2019 and November 5, 2019. (**"Exhibit 1."**)

27. The Letters conveyed information regarding the alleged Debt.

28. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

29. The August 1, 2019 Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

30. The Letters were received and read by Plaintiff.

31. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

32. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

33. 23 N.Y.C.R.R. § 1.3(b) requires debt collectors to set forth certain notices if the collector is attempting to recover a time-barred debt.

34. It is a violation of the FDCPA if a debt collector fails to provide the required disclosures when attempting to collect a time-barred debt.

35. The statute of limitations on the alleged Debt expired prior to the date of the Letters.

36. Defendants knew the statute of limitations on the Debt expired prior to the date of the Letters.

37. Making any payment on a time-barred debt may result in revival of an otherwise time-barred debt.

38. Making any promise to pay a time-barred debt may result in revival of an otherwise time-barred debt.

39. The Letters failed to inform Plaintiff that any payment on a time-barred debt may result in revival of an otherwise time-barred debt.

40. The Letters failed to inform Plaintiff that any promise to pay a time-barred debt may result in revival of an otherwise time-barred debt.

41. Notwithstanding the expiration of the statute of limitations, the Letters failed to inform Plaintiff that any payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

42. Notwithstanding the expiration of the statute of limitations, the Letters failed to inform Plaintiff that any promise by Plaintiff to pay the Debt may result in the revival of Plaintiff's otherwise time-barred debt.

43. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

44. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendants violated the aforementioned Sections of the FDCPA because the least sophisticated consumer could be deceived into making a payment on the Debt, which may result in revival of the otherwise time-barred debt.

46. Defendants violated the aforementioned Sections of the FDCPA because the least sophisticated consumer could be deceived into promising to pay the Debt, which may result in revival of the otherwise time-barred debt.

**CLASS ALLEGATIONS**

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

48. Plaintiff seeks to certify a class of:

      i. All consumers to whom Defendants sent a collection letter attempting to collect a time-barred debt without providing the notices required by 23 N.Y.C.R.R. § 1.3(b), which letter was sent on or after a date one year prior to the filing of this action to the present.

49. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

50. The Class consists of more than thirty-five persons.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

      c.    Find that Defendants' actions violate the FDCPA; and

      d.    Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

      e.    Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.    Grant Plaintiff's costs; together with

      g.    Such other relief that the Court determines is just and proper.

DATED: February 12, 2020

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118550

6